```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
In re Rob Diamond, Debtor
Bankr. Case No. 820-71878-reg

ROB DIAMOND,
a/k/a Robert Diamond,
                Movant,
                                            ORDER DENYING
          -against-                         MOTION TO APPEAL
                                            22-MC-3156 (JS)

MARC A. PERGAMENT,
Chapter 7 Trustee
Of the Estate of
Diamond Finance Co., Inc.,

                Respondent.
----------------------------------X
APPEARANCES
For Movant:        Rob Diamond, Pro Se
                   405 East 56th Street, Apartment 6D
                   New York, New York 10022

For Respondent:    Marc A Pergament, Esq.
                   Weinberg, Gross, & Pergament, LLP
                   400 Garden City Plaza, Suite 309
                   Garden City, New York  11530
```

FILED
CLERK
1/23/2023 3:56 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

SEYBERT, District Judge:

Currently before the Court is the bare-bones motion of pro se Movant Rob Diamond ("Movant" or "Diamond") seeking permission to appeal, on an interlocutory basis, the October 19, 2022 text order of Bankruptcy Judge Robert E. Grossman (hereafter, the "Motion"). (See Motion, ECF No. 1-1 at 1;[1] see also Notice of

---

[1] Herein, page citations are to those generated by the Court's Electronic Case Filing ("ECF") system.

Appeal, ECF No. 1.) In his text order, the Bankruptcy Judge dismissed his Order to Show Cause ("OSC") why special counsel to the Chapter 7 Trustee, Marc A. Pergament ("Trustee"), should not be disqualified in an adversary proceeding commenced by special counsel on behalf of the Trustee and against Diamond's company, Diamond Finance Co., Inc. ("DFC") (hereafter, the "Text Order"). See Pergament v. Diamond, Adv. P. No. 8-20-8175, Text Order (Bankr. E.D.N.Y. Oct. 19, 2022).[2]  The Trustee has timely opposed the Motion. (See Opp'n, ECF No. 2.)  For the reasons that follow, the Motion is DENIED.

## BACKGROUND[3]

The Court presumes the parties' familiarity with the factual and procedural background of Diamond's personal Chapter 7 bankruptcy case, Bankr. Case No. 820-71878-reg (Bankr. E.D.N.Y.), and the related Chapter 7 bankruptcy case of his company, DFC, Bankr. Case No. 820-71877-reg (Bankr. E.D.N.Y.).  Likewise, the presumption applies to three adversary proceedings:

(1) Pergament v. Diamond, Adv. P. No. 820-08175-reg (Bankr. E.D.N.Y. Nov. 13, 2020), an adversary proceeding commenced by the Trustee against Diamond in Diamond's personal Ch. 7

---

[2] The Text Order is docketed herein at ECF No. 1-2.

[3] Given Diamond's skeletal submissions, the Court draws from the background provided by the Trustee in his Opposition (see Opp'n ¶¶ 4-20), which, for purposes of this ruling, are presumed to be accurate.

bankruptcy case, wherein the Trustee sought to except the debt Diamond owed his company, DFC, from discharge based upon Diamond's alleged fraudulent conduct (hereafter, the "Section 523 Action");

(2) Pergament v. Auto City International, Inc., Adv. P. No. 821-08051-reg (Bankr. E.D.N.Y. Mar. 18, 2021), an adversary proceeding in the DFC bankruptcy case brought on behalf of the Trustee by the Olshan Firm (hereafter, the "DFC/Auto City Action"); and

(3) Pergament v. Torac International, Adv. P. No. 821-08101-reg (Bankr. E.D.N.Y. May 30, 2021), another adversary proceeding in the DFC bankruptcy case brought on behalf of the Trustee by the Olshan Firm (hereafter, the "DFC/Torac Action").

(See Opp'n at ¶¶12-15.)

Relevant to the DFC/Auto City and DFC/Torac Actions (which both remain pending before the Bankruptcy Court): Before those Actions were commenced and in accordance with the Bankruptcy Code, the Olshan Firm (hereafter, the "Firm") moved for the approval of its retention as special counsel to the Trustee (hereafter, the "Retention Motion"); the Retention Motion was supported by the declaration of Attorney Michael Fox, an attorney with the Firm. (See id. at ¶¶ 9-11.) Notably, before submitting the Firm's Retention Motion, the Trustee was made aware that

Attorney Fox "was a member of the same county club as [Diamond], but advised that he had never represented [Diamond] or DFC in any matter." (Id. at ¶ 8.)  Without opposition, the Bankruptcy Court approved the Retention Motion.  (See id. at ¶¶ 10-11.)

Relevant to the Section 523 Action:  The Trustee did not retain the Firm to represent him in that Action.  Sometime in the summer of 2022, the Trustee and Diamond reached a settlement in the Section 523 Action.  (See id. at ¶ 16.)  In compliance with the Bankruptcy Code, on August 16, 2022, the Trustee moved for the Bankruptcy Court's approval of said settlement.  (See id.)  Thereafter, in an October 3, 2022 pro se letter filed with the Bankruptcy Court, Diamond referenced the settlement as well as, for the first time, complained that the Firm and Attorney Fox had a conflict of interest because Fox was Diamond's "personal friend." (Id. at ¶¶ 17-18.)  Diamond's letter prompted the Bankruptcy Judge to issue a sua sponte OSC in the Section 523 Action why the Bankruptcy Court's Retention Order approving the Firm's retention should not be vacated.  (See id. at ¶ 19.)  The Trustee and the Firm filed responses to the OSC.  (See id. at ¶ 20.)  Further, "on October 19, 2022, the Bankruptcy Court held an evidentiary hearing on the OSC, at which [Diamond] and [Attorney] Fox testified and presented evidence.  Based on its finding that no basis for the disqualification of the Olshan Firm existed, the Bankruptcy Court dismissed the OSC." (Id.; see also Text Order.)  This request to

appeal followed. The Trustee opposes Diamond's request on both procedural and substantive grounds. (See Opp'n.) Procedurally, the Trustee contends Diamond has not met the clear requirements of Bankruptcy Rule 8004(b) (see Opp'n at ¶ 2); substantively, the Trustee argues this is not the type of exceptional circumstance justifying permitting an interlocutory appeal (see id. at ¶¶ 22-29). The Court agrees.

## DISCUSSION

I.   Regarding the Trustee's Procedural Argument

   A. Applicable Law

Bankruptcy Rule 8004, the Bankruptcy Rule that addresses appeals by leave of the court, i.e., interlocutory appeals, states, in relevant part:

> (a) Notice of Appeal and Motion for Leave to Appeal. To appeal from an interlocutory order or decree of a bankruptcy court under 28 U.S.C. §158(a)(3), a party must file with the bankruptcy clerk a notice of appeal as prescribed by Rule 8003(a). The notice must:
> (1) be filed within the time allowed by Rule 8002;
> (2) be accompanied by a motion for leave to appeal prepared in accordance with subdivision (b); and
> (3) unless served electronically using the court's transmission equipment, include proof of service in accordance with Rule 8011(d).
> (b) Contents of the Motion; Response.
> (1) Contents. A motion for leave to appeal under 28 U.S.C. §158(a)(3) must include the following:
>   (A) the facts necessary to understand the question presented;

```
          (B)  the question itself;
          (C)  the relief sought;
          (D)  the reasons why leave to appeal
               should be granted; and
          (E)  a copy of the interlocutory order or
               decree and any related opinion or
               memorandum.
     (2) Response. A party may file with the
     district or BAP clerk a response in
     opposition or a cross-motion within 14 days
     after the motion is served.
```

FED. R. BANKR. P. 8004(a) & (b) (emphases added).

### B. Application

In his Motion, which the Court construes as Diamond's Rule 8004(b) Motion, Diamond states:

> Mr. Fox[,] the attorney for Mark Pergament[,] committed perjury under OATH. I have proof of checks to show the court & Pictures of us together of how he lied to the court under OATH[.] Pleas[e,] reconsider the decision or grant me leave to appeal.

(Motion, ECF No. 1-1.) This falls well short of Rule 8004(b)'s requirements. First, Diamond does not present a question for appellate consideration. See Fed. R. Bankr. P. 8004(b)(1)(B). Rather, from his sparse submission, as best the Court can glean, Diamond is challenging the subject Text Order based upon Bankruptcy Judge Grossman's credibility assessments made after the October 19, 2022 evidentiary hearing the Bankruptcy Judge conducted as to why his prior Retention Order should not be vacated. The Text Order makes clear that Bankruptcy Judge Grossman found no basis to

disqualify the Firm and, therefore, dismissed the OSC. (See Text Order.)

Second, Diamond's Motion is devoid of "the facts necessary to understand the question presented." Fed. R. Bankr. P. 8004(b)(1)(A). If, as the Court presumes, the basis of Diamond's challenge to the Text Order is the Bankruptcy Judge's credibility assessment of the witnesses, then in order to understand that challenge, at a minimum Diamond should have included the evidence presented below at the October 19, 2022 evidentiary hearing. Yet, the Motion lacks this requisite inclusion of facts. Third and relatedly, notably absent from the record presented to this Court is the transcript of the October 19, 2022 evidentiary hearing below. Compare, e.g., Fed. R. Bankr. P. 8004(b)(1)(E) (instructing a copy of the interlocutory order and any related opinion or memorandum must be included with Rule 8004(b) motion), with Case Docket, in toto.

Because Diamond's Motion is procedurally flawed, failing to meet the requisite Rule 8004(b) conditions, it is DENIED.

II. Regarding the Trustee's Substantive Argument

A. Applicable Law

It is well-settled that district courts may hear appeals of non-final orders from bankruptcy courts as a matter of discretion pursuant to 28 U.S.C. § 158(a)(3). See In re Kassover, 343 F.3d 91, 94 (2d Cir. 2003). When deciding to hear a non-final

order, the Court analyzes "'whether: (1) such order involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation;' all three criteria must be met." Hongkong & Shanghai Banking Corp. Ltd. v. Brandt for CFG Peru Invs. Pte. Ltd. (Singapore), No. 17-CV-6672, 2017 WL 6729191, at *4 (S.D.N.Y. Dec. 29, 2017). "'The Second Circuit cautions that in applying these criteria, only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of judgment.'" Id. (quoting Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 987 F. Supp. 2d 309, 311 (S.D.N.Y. 2013)). Indeed, "interlocutory appeal is 'a rare exception to the final judgment rule that generally prohibits piecemeal appeals.'" Id. (quoting Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996)).

B. Application

Here, as best the Court can surmise, Diamond simply disagrees with Bankruptcy Judge Grossman's assessment of the evidence on the issue of Attorney Fox's and the Firm's disinterested status, i.e., there is no basis for disqualification of the Firm. As the Trustee aptly argues, "[m]erely claiming that the bankruptcy court's decision was incorrect, as [Diamond] has done here, 'is insufficient to establish substantial ground for

[a] difference of opinion,'" one of the factors considered in determining whether to permit an interlocutory appeal. (Opp'n at ¶ 27 (quoting Buckskin Realty, Inc. v. Greenberg, 552 B.R. 40, 44 (E.D.N.Y. 201)).) Indeed, Diamond's dissatisfaction with the Text Order presents "'no circumstances, exceptional or otherwise, sufficient to justify exercise of this Court's discretion to permit an interlocutory appeal.'" Lynch v. Barnard, No. 18-CV-6893, 2020 WL 1812504, at *6 (E.D.N.Y. Apr. 9, 2020) (quoting In re China Med. Techs., Inc., No. 13-CV-6222, 2013 WL 6667789, at *10 (S.D.N.Y. Dec. 17, 2013)). Rather, similar to questions regarding the appropriate scope of discovery pursuant to Bankruptcy Rule 2004, questions regarding the credibility of witnesses arising during the course of a bankruptcy case or adversary proceeding do not involve controlling questions of law, but are questions left to the sound discretion of the court that is fully familiar with the case and/or adversary proceeding, i.e., the bankruptcy court. See id. at *6 (quoting In re Towers Fin. Corp., 164 B.R. 719, 721 (S.D.N.Y. 1994)); see also Ceraso v. Motiva Enters., LLC, 326 F.3d 303, 316 (2d Cir. 2003) ("In reviewing findings for clear error, we are not allowed to second-guess either the trial court's credibility assessments or its choice between permissible competing inferences."). "Moreover, and importantly, the appeal would not advance the ultimate termination of" Diamond's bankruptcy case or the three Adversary Proceedings identified

herein. Id. As such, an interlocutory appeal is not warranted in this instance; therefore, Diamond's Motion is DENIED on this basis, as well.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Diamond's Motion (ECF No. 1-1) is DENIED; therefore, the Clerk of Court is to dismiss this appeal and close this case;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962);]]] and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Order to the pro se Plaintiff at his address of record.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January 23, 2023
         Central Islip, New York